UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MILTON BEATON,

                Plaintiff,                  **NOT FOR PUBLICATION**

       - against -                        **MEMORANDUM AND ORDER**
                                                               18-CV-5901 (PKC) (PK)

DENISE PICKETT-PENNIE, TERESSA
GROGAN, and ALAN FRIED,

                Defendants.
-----------------------------------------------------------------x
Pamela K. Chen, United States District Judge:

       On October 19, 2018, Plaintiff Milton Beaton, appearing *pro se*, filed this action against the mother of his child and two lawyers involved in the New York state court paternity and child support cases challenged herein. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. This action is dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

       Plaintiff alleges that the Family Court of the State of New York, Kings County did not have subject matter jurisdiction to determine that he was the father of T.P., the minor child of Defendant Denise Pickett-Pennie (Complaint, ("Compl."), Dkt. 1 at ECF[1] 5.) He objects to paying child support for T.P., which amounts to $242 per week, and to the collection of an additional $121 per week in child support arrears. (*See id.* at ECF 6, 9.) A review of the Complaint and its attachments reveal nearly ten years of state court litigation over paternity and child support. (*See generally,* Compl.) Plaintiff primarily objects to the result, a finding that he is the father and must

---

      [1] "ECF" refers to the pagination generated by the CM/ECF docketing system and not the document's internal pagination.

pay child support, but he asserts that the state court acted improperly by entering a filiation order that conflicted with a divorce decree; an error later remedied by the state court. (*See id.* at ECF 5, 21-25.) Plaintiff seeks to overturn and vacate final state court orders of filiation and child support orders, including orders regarding child support arrearage. (*Id.* at ECF 5, 6, 9 and 10.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *Exxon Mobil Corp. v. Allanattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction); *Frontera Res. Azerbaijan Com, v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009) (same). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If the Court

"determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. A court must construe a *pro se* litigant's pleadings liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017).

## DISCUSSION

### I. Domestic Relations Exception

The Supreme Court has long recognized a domestic relations exception to subject matter jurisdiction that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States[.]" *In re Burrus*, 136 U.S. 586, 593-94 (1890). Therefore, the Court has no jurisdiction to review Plaintiff's complaint challenging his paternity and attendant child support obligations, as these are clearly matters of state domestic relations law. *Donohue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order) (federal court lacks jurisdiction over child support payments); *Davenport v. Belafonte,* No. 17-CV-4624 (PKC), 2017 WL 6459474, at *2 (E.D.N.Y. Dec. 18, 2017) (federal court lacks jurisdiction over paternity claim).

### II. *Rooker-Feldman* Doctrine

In addition, under the *Rooker-Feldman* doctrine, federal courts generally lack subject matter jurisdiction over claims that seek review of adverse state court judgments. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker*

*v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"). Thus, since Plaintiff seeks to overturn a final order of the Family Court enforcing Plaintiff's child support obligations and determining paternity, (Compl., at ECF 5, 6, 9 and 10), the Court also lacks jurisdiction over his claims under the *Rooker-Feldman* doctrine. *See, e.g.*, *Kneitel v. Palos,* No. 15-CV-2577 (NGG) (VVP), 2015 WL 3607570, at *7 (E.D.N.Y. June 8, 2015) ("Courts have repeatedly invoked [*Rooker–Feldman*] in cases ... in which plaintiff's challenge family court decrees setting child support arrears.") (alterations in original) (collecting cases); *Fernandez v. Turetsky,* No. 12-CV-4092 (SLT) (MDG), 2014 WL 5823116, at *3-5 (E.D.N.Y. Nov. 5, 2014) (dismissing *pro se* complaint challenging child support arrears under *Rooker–Feldman* doctrine, as well as domestic relations exception (citations omitted)).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court has considered affording Plaintiff a chance to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so, viewing such an opportunity as futile because a review of the complaint does not suggest that Plaintiff has inadequately or inartfully pleaded any potentially viable claims. *Rahim v. Secretary, Establishment Div., Gov't of People's Republic of Bangl.*, 481 Fed. App'x 18, 19 (2d Cir. 2012) (affirming district court's dismissal of *pro se* plaintiff's complaint without leave to amend where complaint was dismissed for lack of subject matter jurisdiction). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: November 7, 2018
      Brooklyn, New York